UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVEREST NATIONAL
INSURANCE COMPANY,

CASE NO. 17-CV-13090
HON. GEORGE CARAM STEEH

Plaintiff,

v.

USAA CASUALTY
INSURANCE COMPANY,

Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION (Doc. 4)

Plaintiff Everest National Insurance Company ("Everest") is litigating the same issues presented here in a related state lawsuit pending in Wayne County Circuit Court. Defendant USAA Casualty Insurance Company ("USAA") moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) under the *Brillhart* or the *Colorado River* abstention doctrines. Because the same issue is pending in a previously filed state lawsuit, interests of comity and the wise use of judicial resources require that this court abstain and stay this lawsuit. Oral argument had been scheduled, but upon review of the parties' submissions, the court

- 1 -

determines that oral argument is not necessary pursuant to Local Rule 7.1(f)(2).

## I. Background

On October 7, 2016, the underlying insured in this action, Gregory Graham, III, was involved in a serious motor vehicle accident when he was the passenger in a 2003 Ford Explorer. The automobile collided with a cement barrier on the highway resulting in severe injuries including brain injury. The automobile was insured by Defendant USAA. Graham was the resident relative of his mother, Lakisha Johnson, who owned an automobile insured by Plaintiff Everest. Since Graham claimed no-fault personal injury protection ("PIP") benefits as a result of the accident, Everest has paid benefits to Graham in excess of $100,000. In December, 2016, Graham's mother and guardian filed a lawsuit in Wayne County Circuit Court asserting a negligence claim against the driver of the vehicle, Dontae D. Jackson, an owner's liability claim against the owner of the vehicle, Stephanie Hall, and a breach of contract action against Everest for the failure to pay first party PIP no-fault benefits. Less than a month after the lawsuit was filed, Graham's guardian amended the Complaint to name USAA as a named defendant in the event that Everest is not liable to pay first party PIP benefits. In her second amended complaint, Graham's

guardian also added a claim for declaratory relief seeking a determination as to which insurance company, Everest or USAA, is obligated under Michigan law to pay first party PIP benefits. Everest did not remove on the basis of diversity but continued to litigate in state court.

Graham's guardian then filed a motion for declaratory judgment in state court seeking a determination of the priority between Everest and USAA. In response, Everest filed a motion for summary disposition on the basis that Johnson lied on her policy application by denying that she owned two other uninsured vehicles, thus voiding her policy. In February, 2017, the state court ordered Everest to pay certain medical bills and reserved on the issue of coverage and priorities. Based on the dispute over coverage, the state circuit court ordered that the Michigan Automobile Insurance Placement Facility ("MAIPF") be added as a party to the state court action and assign an insurer to begin to pay Graham's no-fault benefits. Graham's guardian did so and filed a second amended complaint on March 8, 2017. Titan Insurance Company was substituted for MAIPF on May 12, 2017.

Graham's third party liability claims against the driver and owner of the vehicle were dismissed by stipulation on August 3, 2017. Only the priority dispute and related issues remain pending in the state suit. On

September 14, 2017, Wayne County Circuit Court Judge Lita Masini Popke, denied Everest's motion for summary disposition. Judge Popke also denied Everest's motion to stay the matter pending an appeal of the denial of its summary disposition motion. Case evaluation in the state action is scheduled to occur in January, 2018.

Shortly after losing on its motion for summary disposition, on September 20, 2017, Everest filed the instant diversity lawsuit seeking declaratory judgment on the priority issue and related claims. In its original Complaint, Count I sought a declaratory judgment that USAA stands in a higher priority than Everest for payment of no-fault benefits to Graham pursuant to M.C.L. § 500.3114(a); Count II sought recoupment of all monies paid by Everest under the theory that USAA occupies the highest priority position under the No-Fault Act; Count III sought equitable subrogation; and Count IV sought common law indemnity. Recovery pursuant to all counts of the Complaint requires a ruling that USAA has higher priority under the No-Fault Act than Everest.

On October 23, 2017, USAA filed a motion to dismiss based on *Brillhart* abstention, which governs declaratory judgment actions, or *Colorado River* abstention, which governs abstention in the face of parallel state proceedings. In response, on November 6, 2017, Everest filed an

Amended Complaint deleting the declaratory judgment claim, but retaining the recoupment, equitable subrogation, and common law indemnity claims as pled in the original Complaint. All of the remaining claims require a determination that USAA stands in higher priority than Everest for payment of no-fault benefits in order for Everest to prevail. Everest filed a response to the motion to dismiss, stating *Brillhart* abstention cannot apply because it is no longer seeking declaratory judgment relief, and arguing that *Colorado River* abstention does not apply because there are allegedly no parallel proceedings.

## II. Analysis

### A. *Brillhart* Abstention

The court first considers whether this matter should be dismissed under the *Brillhart* abstention doctrine because Plaintiff seeks declaratory judgment relief for the same matter pending in state court. Plaintiff's decision to delete its declaratory judgment claim in response to Defendant's motion to dismiss does not alter the court's decision here as the remaining subrogation and indemnity claims involve the same issue of priority in coverage set forth in the declaratory judgment count. In other words, the court's decision on the remaining claims requires the same analysis as the dismissed declaratory judgment claim. As such, the court

will reject Plaintiff's invitation to elevate form over substance, and will consider whether *Brillhart* abstention is warranted here despite Plaintiff's attempt to use the Amended Complaint to seek to end run around that doctrine.

The Declaratory Judgment Act provides a district court with discretion to exercise jurisdiction over a declaratory action and provides:

> (a) In a case of actual controversy within its jurisdiction . . ., any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201 (emphasis added). The Supreme Court has held that it may be appropriate for federal courts to abstain from deciding declaratory judgment actions where the same issue is pending in state court. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Specifically, the Court has noted that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id.*

The Sixth Circuit has identified five factors for the court to consider in determining whether *Brillhart* abstention is warranted:

> (1) whether the declaratory action would settle the controversy;
>
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"
>
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> (5) whether there is an alternative remedy which is better or more effective.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (citing *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984)). Consideration of these five factors leads to the conclusion that this court should abstain from issuing declaratory judgment relief here.

First, consideration of the first factor, whether the declaratory action would settle the controversy, favors abstention. Here, the question of priority as between Everest and USAA is the identical issue now pending in state court. In *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807 (2004), the Sixth Circuit addressed the question of whether the district court should have abstained from determining whether an insurer had a

duty to indemnify or defend its insured based on claims pending in a personal injury action in state court. The issue was whether the underlying lawsuit was brought by an employee of the insured which would vitiate coverage. *Id.* at 813. The same issue was at stake in the underlying personal injury suit and in a worker's compensation proceeding, both of which were pending in state court. *Id.* If the injured individual was found to be an employee of the insured, then the insurer had no duty to defend or indemnify the claim. *Id.* The Sixth Circuit found that because the same issue was pending in two different state court proceedings, this favored abstention, explaining, "[t]he declaratory judgment action in federal court could serve no useful purpose. The federal court could either reach the same conclusion as the state court, in which case the declaration would have been unnecessary and the federal litigation a waste of judicial resources, or the federal court could disagree with the state court, resulting in inconsistent judgments." *Id.* at 813–14. The same situation exists here. Everest has asked this court to rule on the identical issue pending in state court, thus, risking inconsistent rulings or duplicative rulings which are wasteful of scarce judicial resources.

By contrast, in *Flowers*, the Sixth Circuit found abstention was not warranted where adjudication of the insurance coverage question involved

a strictly legal dispute which was not before the state court. In that case, a patient sued a medical center and her mental health therapist in state court, alleging that her therapist breached his professional standards by engaging in sexual relations with her. 513 F.3d at 550. In a separate federal lawsuit, the center's insurer filed a declaratory judgment action seeking a determination that it owed not duty to extend liability coverage to the therapist on the grounds that he was acting outside the scope of his employment when the torts occurred. *Id.* at 550-51. The insurer was not a named party in the state tort suit. Thus, the court found that the first factor favored exercising jurisdiction because the district court's declaratory judgment resolved all controversies between the parties and did not involve an issue to be decided by the state court, nor did it require the district court to consider matters developed through state court discovery. *Id.* at 556.

By contrast, in this case, the controversy between Everest and USAA over which insurer has first priority to pay no-fault benefits is the same issue pending in state court. Thus, although a resolution of the coverage dispute pending here would settle the controversy between the parties, it would require the court to consider the same factual dispute pending in state court: whether the insured's alleged material misrepresentations

voided her policy with Everest.  Accordingly, consideration of the first factor favors abstention.

Second, the court considers whether the federal lawsuit would clarify the legal relations at issue.  As the Sixth Circuit noted in *Flowers*, the second factor "is closely related to the first factor and is often considered in connection with it."  513 F.3d at 557.  In that case, the court found that adjudication of the coverage dispute in federal court would not confuse the state court's analysis of the liability issues pending there.  *Id.*  By contrast, as mentioned above, a ruling by this court over the insurance coverage issue pending here risks duplicative or inconsistent judgments with the state court action.  Thus, consideration of the second factors favors abstention.

Third, the court considers whether the declaratory action was motivated by "procedural fencing" or is likely to create a race for *res judicata*.  This is exactly what appears to have happened here.  Rather than removing the underlying state case on the basis of diversity jurisdiction, Everest waited until it lost its motion for summary disposition before filing its declaratory judgment action here seeking a determination

on the same coverage dispute pending in state court. Thus, consideration of the third factor favors abstention.

Fourth, the court considers whether accepting jurisdiction would increase friction between federal and state courts. The answer is yes. As the *Flowers* court opined, "The Supreme Court has cautioned that 'where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed.'" *Flowers*, 513 F.3d at 559 (quoting *Wilton v. Seven Falls, Co.,* 515 U.S. 277, 283 (1995)). As to the fourth factor, the Sixth Circuit has identified three sub-factors to be considered:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* at 560. Each of these sub-factors favors abstention. First, the factual issue of whether Johnson made material misrepresentations in her application for insurance with Everest which would cause the Everest policy

to be rescinded and USAA to have higher priority, is the same issue pending in state court. Because the issue of priority is a question of Michigan state law, the state court is in a better position than this federal court to determine the issue. Finally, Michigan public policy favors allowing Michigan courts to resolve insurance coverage issues. For these reasons, the fourth factor also favors abstention.

Finally, the court considers the availability of alternative remedies. A district court should "deny declaratory relief if an alternative remedy is better or more effective." *Id.* at 562 (quoting *Grand Trunk*, 746 F.2d at 326). Here, the state court proceeding offers a better and more effective remedy. The state court proceeding involves a question of state law, and since that suit was filed some nine months prior to the filing of this federal action, and extensive discovery and motion practice has already taken place in that case, the state court proceeding is on track to resolve the pending issues more expeditiously. In sum, consideration of all of the five factors for abstention in declaratory judgment actions support abstention under the circumstances presented here where the identical insurance coverage dispute at issue in this case has already been pending for over a year in state court.

**B.**     ***Colorado River* Abstention**

In addition to holding that this court should abstain from exercising jurisdiction over Everest's declaratory judgment action, this court must also abstain under the *Colorado River* doctrine. This court recognizes that a federal court has a "virtually unflagging obligation" to exercise the jurisdiction bestowed upon it. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817–18 (1976). This obligation should be avoided in only a few "extraordinary and narrow" circumstances. *Id.* Under the *Colorado River* doctrine, the federal court may decline to exercise jurisdiction where a parallel state matter is pending. *Id.*

The threshold inquiry in deciding whether to abstain in deference to ongoing proceedings in state court is whether the actions are truly parallel. *Romine v. Compuserve Corp.,* 160 F.3d 337, 340 (6th Cir. 1998). To answer that question, the court must find that the two proceedings are "substantially similar." *Id.* The parties need not be identical as long as they are substantially similar and the two suits involve the same allegations as to the same material facts. *Id.* Although the cases need not be identical, the resolution of the state court action must provide complete relief for the federal action. *See Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994); *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990). "Broadly, the relevant inquiry is whether resolution on the state

case will resolve the contested issues in the federal action." *Cass River Farms, LLC. v. Hausbeck Pickle Co.*, No. 16-cv-12269, 2016 WL 5930493, at *2 (E.D. Mich. Oct. 12, 2016).

In this case, there is no question that the federal and state actions are parallel. The two lawsuits involve the same insurance companies and the identical legal issue over which insurer has priority to pay Graham no-fault benefits. Everest argues the two suits are not parallel because Everest is not a plaintiff in the state lawsuit and has not asserted claims against USAA. Specifically, Everest argues that because it seeks recoupment of benefits paid to Graham from USAA in the federal suit, but has not asserted the same claim for recoupment in the state suit, the actions are not parallel.

Judge Feikens addressed the nearly identical issue in *Grammar, Inc. v. Custom Foam Sys., Ltd.*, 482 F. Supp. 2d 853, 856–57 (E.D. Mich. 2007) where he abstained under the *Colorado River* doctrine in deference to a parallel action pending in a foreign jurisdiction. In that case, the court found that the cases were indeed parallel despite plaintiff's protests that he did not seek damages, but only declaratory relief, in the underlying foreign suit. In *Grammar*, defendant sued plaintiff in Ontario for breach of contract and for negligent and intentional misrepresentations. 482 F. Supp. 2d at

855.  Plaintiff did not file a counterclaim but instead brought a new suit in federal court seeking a declaratory judgment that it had not breached any obligations to the defendant, and in the alternative, if there was a contract, that defendant breached it.  *Id.* at 856.  Plaintiff argued that the actions were not parallel because he sought damages in the federal lawsuit, but not in the Canadian suit.  *Id.* at 858.  The court rejected the argument, finding that plaintiff could have sought damages in the Canadian court by filing a counterclaim, and the fact that plaintiff did not do so did not give plaintiff the right to bring the entire proceeding into the United States court. *Id.* The same situation applies here.  Everest may seek recoupment of insurance payments made to Graham in the state court proceeding which is resolving the coverage dispute and Everest may not circumvent the state court proceedings by re-litigating the same issue in federal court.

Everest argues that the claims are not parallel because Everest is not obligated to assert a cross-claim against USAA in state court since Michigan does not have a compulsory cross-claim rule.  While Everest is not required to file a cross-claim in state court, Everest cannot litigate the same coverage dispute in federal and state court at the same time, and then avoid dismissal under the *Colorado River* doctrine solely because it seeks recoupment in one forum, and not the other.

Having found that the federal and state actions are indeed parallel, the court next considers the eight combined factors, the first five identified by the Court in *Colorado River,* and the last three added by the Court in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 23-26 (1983) to determine whether it should abstain in deference to the ongoing state court proceedings. These include:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; ... (4) the order in which jurisdiction was obtained[;]... (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*PaineWebber, Inc. v. Cohen,* 276 F.3d 197, 206–07 (6th Cir. 2001) (quoting *Romine,* 160 F.3d at 340–41). These factors, however, are not to be applied mechanically and no one factor is determinative. "Rather, they require 'a careful balancing of the important factors as they apply in a given case, with the balance heavily weighed in favor of the exercise of jurisdiction.'" *Baskin*, 15 F.3d at 571 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16).

Consideration of the above cited favors leads to the conclusion that this court must abstain. Only the first two factors are neutral; the remaining six factors counsel in favor of abstention. Abstention here avoids the genuine risk of piecemeal litigation and the undesired consequence of duplicative judicial efforts. The identical issue of priority between Everest and USAA is central to both cases. The state suit was filed some nine months prior to the federal suit. Although Everest could have removed on the basis of diversity jurisdiction, Everest waited until it lost on its motion for summary disposition in state court to bring its federal diversity suit. Michigan law governs the priority dispute; thus, the Michigan court is in the better position to adjudicate the instant matter. The state court proceeding adequately protects Everest's rights. The state court proceeding has advanced significantly, extensive discovery has taken place, and dispositive motions have been briefed and decided. Finally, concurrent jurisdiction exists. Accordingly, the court finds that on balance, the eight factors to be considering in deciding whether *Colorado River* abstention applies, require abstention under the circumstances presented here.

## III. Conclusion

Although USAA seeks dismissal, the court finds the better approach is to stay this matter as "the Supreme Court has taught that when a federal court abstains in favor of a state court, entering a stay in the federal action is preferable to dismissing the action because the stay makes it easier for the federal court to resume its jurisdiction over the case should the state court to which it is deferring fail to decide the case for some reason." *Wilton*, 515 U.S. at 288 n.2; *see Bates v. Van Buren Twp.*, 122 F. App'x 803, 809 (6th Cir. 2004). Accordingly, the court GRANTS USAA's motion (Doc. 4), but rather than dismiss, this court STAYS this matter pending resolution of the underlying state court proceeding. The Clerk is ordered to administratively close this matter.

**IT IS SO ORDERED.**

Dated: January 22, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 22, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk